1  CHERYL A. GRAMES
   Nevada Bar No. 12752
2  cheryl.grames@mccormickbarstow.com
   **MCCORMICK BARSTOW**
3  8337 West Sunset Road, Suite 350
   Las Vegas, Nevada 89113
4  (702) 949-1100

5  ROBERT T. SULLIVAN (*admitted Pro Hac Vice*)
   rts@bowwlaw.com
6  JASON P. KASTING (*admitted Pro Hac Vice*)
   jpk@bowwlaw.com
7  **BROENING OBERG WOODS & WILSON PC**
   2800 N. Central Avenue, Suite 1600
8  Phoenix, AZ 85004
   (602) 271-7700
9  *Attorneys for Defendant*
   *Vigilant Insurance Company, a New York*
10 *corporation and member of the Chubb Group of*
   *Insurance Companies*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT L. GOLDMAN, | CASE NO. 2:23-cv-01757-GMN-DJA |
| Plaintiff, | |
| vs. | **FIFTH STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| VIGILANT INSURANCE COMPANY, a New York corporation and member of the CHUBB GROUP OF INSURANCE COMPANIES; DOES 1 through 100, inclusive; and ROE CORPORATIONS 1 through 100, inclusive, | |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |
| VIGILANT INSURANCE COMPANY, a New York corporation and member of the CHUBB GROUP OF INSURANCE COMPANIES, | |
| Counterclaimants, | |
| vs. | |
| ROBERT L. GOLDMAN, | |
| Counterdefendant. | |

...

Pursuant to LR II 16-1, 26-1 (b), 26-3, and FRCP 16.1 and 26, Plaintiff / Counterdefendant Robert L. Goldman ("Goldman") and Defendant / Counterclaimant Vigilant Insurance Company ("Vigilant") (collectively, the "Parties") respectfully submit their Fifth Amended Stipulated Discovery Plan and Scheduling Order as additional time is needed to complete remaining depositions and ensuing dispositive motions.

There is good cause for this motion. The parties intended to complete all remaining depositions throughout December and the first part of 2025. To that end, the parties were able to complete the following depositions:

<u>Defendant</u>

- Brian Dalinghaus, contractor – October 10 (Zoom)
- Kent Barber, structural engineer – December 12 (Zoom)
- Jeff Berkett and insurance broker – December 9
- Sharon Ussery, insurance broker – December 9 (Zoom)
- Robert Thomsen, Ph.D., geotechnical engineer – December 11 (Zoom)

<u>Plaintiff</u>

- Adam Yala, Ph.D., structural engineer – October 24 (Zoom)
- Marc Goupille, cost estimator – October 24 (Zoom)
- Brian Mundo, geologist – October 25 (Zoom)
- Avram Ninyo, geotechnical engineer – October 24 (Zoom)

Unfortunately, however, they were unable to complete several additional depositions which had to be vacated. because counsel for Plaintiff ended up being in intensive trial preparation from late December through January. Counsel's trial was originally scheduled January 6, 2025 through January 24, 2025, but, on December 30, 2024, the court moved the trial dates on its own motion to commence on January 27, 2025. Although the case resolved on the eve of trial, Plaintiff's counsel, a sole practitioner, had numerous other matters to attend to catch-up and clear his calendar. By that time (mid-February), the parties' and witnesses' calendars for February and March were already prohibitively full.

In addition, Defendant made a supplemental claim file disclosure on February 19, 2025

2

numbering 7,035 pages in length, which includes numerous redactions due to ongoing litigation and handling efforts reflected therein which have occurred over the past few years. The claim file is a supplement of new claim file materials in addition to those previously produced.

Plaintiff's counsel required a reasonable time to review and address the disclosure and redactions. He has now done so as of March 18, and the parties are working amicably to resolve several disputed items. Once the disputed items are resolved, the parties can proceed with depositions and dispositive motions.

The parties have agreed on dates and locations for the remaining depositions, which are noted below but which are subject to final confirmation by a few of the witnesses pending their schedules. This stipulated motion is to enable the parties to complete necessary depositions and dispositive motions so they can proceed to trial as soon as practicable.

This case involves reported damage and an insurance claim at Plaintiff's nearly 10,000 square foot Las Vegas residence. While the parties dispute has persisted for some time, Plaintiff has been in the process of completing repairs to his house, which he alleges arise out of a covered water leak. The parties have different opinions and positions regarding the scope of damage and coverage. Plaintiff is pursuing claims including bad faith and breach of contract, and Defendant is pursing a counterclaim for rescission of the policy.

Plaintiff completed significant repairs at his residence in 2024, including installation of over 80 helical piers under his house. Additional cosmetic repairs are still ongoing. Past and present work to the house relates to Plaintiff's damages claim and, therefore, has limited the parties' ability to depose witnesses on complete evidence to date.

Limited availability of expert witnesses, former employees of Defendant, and current personnel has also made scheduling a challenge, particularly with the need for associated travel.

The parties and counsel have worked amicably on case management matters throughout this dispute and respectfully request an extension of time to complete necessary depositions.

Notably, since the Court's prior case management orders, the Parties completed expert opinion/report disclosures on schedule, with four to five experts per side, and made significant progress in completing necessary depositions.

The parties mediated in 2021 when this matter was originally pursued under an earlier cause number. The parties have re-engaged on the topic of a potential settlement since the first of the year. These discussions have occurred as recent as March 18, 2025 and will continue. They could result in a second mediation, for which the parties have already identified suitable mediators. Plaintiff has updated his demand, and Defendant is evaluating and will respond to same.

In the meantime, the parties wish to complete depositions and motions, and move toward trial. As previously noted, many of the witnesses to be deposed are experts that were previously deposed in 2:19-cv-02227-JAD-BNW, the original cause number in which the parties pursued this litigation. The parties have supplemented their analyses and disclosures in this action due to the extensive remediation efforts that Plaintiff contends were necessitated by the underlying loss, and Defendant's rescission counterclaim.

Despite undersigned counsel's best efforts to complete all discovery by February 25, 2025 and dispositive motions by March 28, 2025, the following depositions must still be completed due to witness unavailability and/or counsel's trial schedules in other matters:

Defendant
- Robert Wales, contractor (scheduled **April 28, 2025**, Zoom);
- Duke Phelps, general contracting expert (scheduled **April 28, 2025**, Zoom);
- Jeffrey Stempel, claim handling expert (scheduled **May 16, 2025**, in person or Zoom);

Plaintiff
- Mary Wojtulewicz, underwriting manager (retired) (scheduled **May 7, 2025**, Zoom (tentative));
- Mathew Witcher, claim representative (scheduled **May 13, 2025**, in person (Los Angeles) or Zoom (tentative));
- FRCP 30(b)(6) representatives (claims and underwriting topics) (**May 19, 2025** (tentative);
- Edward McKinnon, claims handling expert (**May 16, 2025**, in person (Los Angeles) or Zoom)

The parties respectfully request an extension of the pending deadlines through **May 30,**

4

**2025** for discovery and through **June 30, 2025** for dispositive motions.

The parties jointly request the following amendments to their case management order.

1. <u>Meeting</u>: On March 18, 2024, Craig A. Marquiz, Esq. (on behalf of Goldman) and Jason P. Kasting, Esq. (on behalf of Vigilant) met and conferred telephonically regarding their Fifth Joint Discovery Plan and Scheduling Order, pursuant to FRCP 26(f).

2. <u>Initial Disclosure</u>: The Parties have already exchanged their initial disclosures of relevant, non-privileged material in the Parties' possession pursuant to FRCP 26(a)(1). The parties have supplemented their disclosures at various times, including a significant recent disclosure.

3. <u>Subjects on which discovery may be needed</u>: Discovery will continue to be limited to non-privileged issues relevant to the Parties' claims and defenses.

4. <u>Discovery Plan</u>:

    A. <u>Discovery Cut-Off Date</u>: As noted above, the parties' request that the discovery cut-off date be extended to **June 30, 2025**.

    B. <u>Amending Pleadings & Adding Parties</u>: The parties do not need to amend their pleadings or add parties and, as such, the prior March 15, 2024 deadline does not need to be extended.

    C. <u>FRCP 26(a)(2) Disclosure (Experts)</u>: Disclosure of expert witnesses and opinions is complete and need not be extended.

    D. <u>Dispositive Motions</u>: All dispositive motions shall be filed no later than **July 30, 2025** which is thirty (30) days after the close of discovery which LR II 26-1(e)(4) presumptively sets for filing dispositive motions.

    E. <u>Pretrial Order</u>: The Parties shall file a joint pretrial order no later than **August 30, 2025**, which is thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the Court issues an Order on any dispositive motions. *See* LR 2II 26-1(b)(5). The parties do currently anticipate that motion(s) will be filed which will obviate the need for this deadline.

    F. <u>FRCP 26(a)(3) Disclosures</u>: The disclosures required by FRCP 26(a)(3)

5

shall be made in the joint pretrial order, including any objections thereto.

V.  5.  Required Certificate:

      A.  Pursuant to LR II 26-1(b)(7), the Parties certify that they have conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation. As noted above, the parties already mediated in 2021 but are in active discussions regarding settlement potential.

      B.  Pursuant to LR II 26-1(b)(8), the Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FRCP 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not consent to trial by a magistrate judge or use of the Short Trial Program.

      C.  Pursuant to LR II 26-1(b)(9), the Parties certify that they have discussed whether they intend to present evidence in electronic format to jurors for purpose of jury deliberations. The parties reserve the right to present evidence in electronic format to jurors for purpose of jury deliberations and agree that any electronic evidence disclosed during discovery shall be disclosed in an electronic format compatible with the Court's electronic jury evidence display system.

      D.  The Parties do not request a conference with the Court before entry of the scheduling order.

RESPECTFULLY SUBMITTED this 28th day of March 2025.

MCCORMICK BARSTOW

By:   /s/ Cheryl A. Grames
     CHERYL GRAMES
     8337 West Sunset Road, Suite 350
     Las Vegas, Nevada 89113
     *Attorneys for Defendant Vigilant Insurance Company, a New York corporation and member of the CHUBB Group of Insurance Companies*

|   |   |
|---|---|
| 1 |  |
| 2 | BROENING OBERG WOODS & WILSON PC |
| 3 | By: /s/ Jason P. Kasting |
| 4 | ROBERT T. SULLIVAN<br>JASON P. KASTING |
| 5 | 2800 North Central Avenue, Suite 1600<br>Phoenix, AZ 85004 |
| 6 | *Attorneys for Defendant Vigilant Insurance Company* |
| 7 |  |
| 8 | MARQUIZ LAW OFFICE, P.C. |
| 9 | By: */s/ Craig A. Marquiz (with permission)* |
| 10 | CRAIG A. MARQUIZ |
| 11 | 1533 Teramo Street<br>Henderson, NV 89052 |
| 12 | *Attorneys for Plaintiff* |

**IT IS SO ORDERED**.

DATED: 3/31/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of March, 2025, I electronically filed the foregoing **document** with the Clerk of the Court through Case Management/Electronic Filing System.

Craig A. Marquiz, Esq.
MARQUIZ LAW OFFICE. P.C.
1533 Teramo Street
Henderson, NV 89052
marquizlaw@cox.net
Phone: (702) 263-5533
Fax: (702) 263-5532
*Attorneys for Plaintiff*

By  /s/Gina Barrera
An Employee of Broening Oberg Woods & Wilson, P.C.